**KEANE & ASSOCIATES**
BY:  Brent S. Usery
Attorney ID No.: 299032019
485 Lexington Avenue, 6th Floor
New York NY 10017
Tel: (917) 778-6680
*Attorney for Plaintiff,*
*The Charter Oak Fire Insurance Company*

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY, | Civil Action No. 3:20-cv-5898 |
| Plaintiff, | |
| v. | COMPLAINT FOR DECLARATORY RELIEF |
| QBE SYNDICATE 1886, ACE GLOBAL MARKETS SYNDICATE AGM 2488 and HATCH MOTT MACDONALD LLC | |
| Defendants. | |

COMES NOW the Plaintiff, The Charter Oak Fire Insurance Company ("Charter Oak"), and for its Complaint for Declaratory Judgment against QBE Syndicate 1886 ("QBE"), Ace Global Markets Syndicate AGM 2488 ("Ace") and Hatch Mott MacDonald LLC ("HMM"), states as follows:

## THE PARTIES

1.  Charter Oak is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at One Tower Square, Hartford Connecticut. Charter Oak is an insurance company authorized to do business in the State of New Jersey.

2. QBE Syndicate 1886 is an underwriting syndicate organized and registered under the laws of the United Kingdom. Upon information and belief, is an insurer authorized to do business in the State of New Jersey.

3. Ace Global Markets Syndicate AGM 2488 is an underwriting syndicate organized and registered under the laws of the United Kingdom.

4. At all times relevant to this matter, HMM was a corporation organized and existing under the laws of the State of Delaware and had a principal place of business at 111 Wood Ave. South, Iselin, New Jersey 08830.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 and under the Declaratory Judgment Act, 28 U.S.C. § 2201, as the citizenship of the parties is diverse and the amount in controversy is in excess of $75,000.00.

6. The United States District Court for the District of New Jersey is the proper venue for this action under 28 U.S.C. § 1391(b) and (c).

## THE INSURANCE POLICIES

7. Charter Oak issued a commercial liability policy bearing policy number 630-9B510634-COF-14 (the "Charter Oak Policy"), with a policy period of June 30, 2014 through June 30, 2015 to Hatch Mott MacDonald Group Inc., under which HMM qualified as an insured. A true and accurate copy of the Charter Oak Policy is attached and marked Exhibit A.

8. Upon information and belief, QBE and Ace issued, managed, and/or were the lead underwriters subscribing to a professional liability insurance policy, number B080120388P14, (the "QBE Policy") issued to Hatch Mott MacDonald Group, Inc., which was in effect from July 1, 2014 through June 30, 2015 and under which HMM was a named insured pursuant to the Named

Insured Amendment thereto.  The QBE Policy includes a self-insured retention ("SIR"), pursuant to which HMM agreed to assume the responsibility for defense and indemnity in the amount of $500,000 per claim, subject to an aggregate limit.

9. Upon information and belief, Section II of the QBE Policy affords "Architects and Engineers Professional Liability" coverage to HMM.  The relevant Insuring Agreement of the QBE Policy provides in relevant part:

> A. **COVERAGES: CLAIMS-MADE CLAUSE**
>
> The **Company** will pay on behalf of the **Insured** those sums in excess of the **Self-Insured Retention** shown in Item 4 of the Declarations that the Insured shall become legally obligated to pay as **Loss** because of **Claims** made against an Insured to which this insurance applies.
>
> This policy applies only to claims arising out of
>
> **Breach of Professional Duty** in the performance of **Professional Services** by the **Insured** or any entity for whom the **Insured** is legally liability;
>
> For this coverage to apply, all of the following conditions must be satisfied:
>
> 1. the **Breach of Professional Duty** forming the basis of any **Claim** must arise out of **Professional Services** that take place subsequent to the **Retroactive Date** specified in Item 8 of the Declarations and prior to the end of the **Policy Period**.
> …

10. The Definitions section (III) of the QBE Policy contains the following defined terms:

> C. **Breach of Professional Duty** means negligence, defined as the failure to meet the professional standard of care legally required or reasonably expected under the circumstances in the performance or non-performance of **Professional services** rendered to others by the **Insured** which results in **Loss** for which the **Insured** is legally liable.

…

> Y.  **Professional Services** means those services that the **Insured** is qualified to perform for others in their capacity as an architect, engineer, …Construction Manager, program manager…or as specifically defined by endorsement to this policy and including the following:
>
>   1.  the provision of advisory and consultancy services and
>   2.  all other activities, including but not limited to site activities, which the **Insured** may carry out as an incidental or ancillary part of the business described in point 1 above, and
>   3.  those activities and duties undertaken by or under the supervision of persons or personnel who are qualified or technical personnel having not less than 5 years relevant technical experience. Qualified persons or personnel shall be deemed to mean those persons or personnel who have attained an appropriate professional qualification from a recognized body related to the particular activity they are undertaking.
>
> and as otherwise declared to the **Company**.

## THE UNDERLYING ACTION

11.  HMM was named as a defendant in an action filed in or about February 2017 entitled *Sam McCarville vs. K & E Excavating, Inc. and Hatch Mott MacDonald, LLC,* Case No. 17CV07725, in the Circuit Court of the State of Oregon for the County of Multnomah (the "Underlying Action").

12.  In the Underlying Action, the plaintiff, Sam McCarville, sought damages for electrical burns he sustained on May 5, 2015 when he was electrocuted in the course of his employment with H&H Electric, a subcontractor retained by co-defendant K&E Excavating, Inc. to perform electrical work at the taxiway rehabilitation project located at the Port International Airport (the "Project").

13. HMM contracted with the Port of Portland (the "Port") to provide, *inter alia*, project support and personal services to the Port's Engineering Construction Office. A true and accurate copy of HMM's contract with the Port for its work on the Project is attached and marked Exhibit B.

14. HMM's insurance representatives, Willis Group, notified Charter Oak of the Underlying Action. By email dated June 19, 2015, Charter Oak was advised by Willis Group that "[t]he professional liability carriers has … been put on notice for this potential claim."

15. The complaint in the Underlying Action (the "Complaint") alleged, *inter alia*:

> … HMM … was hired by the Port of Portland to provide construction inspection and construction management including electrical inspection and management for the taxiway rehabilitee project (¶2)
>
> … HMM was negligent in one or more of the following particulars:
>
> a. In requiring or permitting workers to work in close proximity of energized high voltage circuits without de-energizing the circuits and grounding them…
> b. In failing to properly identify a live circuit;
> c. In failing to stop work when an unidentified circuit was located until the safety of the circuit could be determined… (¶12).

A copy of the Complaint is attached and marked Exhibit C.

16. Charter Oak agreed to fund HMM's defense subject to a reservation of rights to deny defense and indemnification and seek reimbursement to the extent it the "Exclusion – Engineers, Architects or Surveyors Professional Liability" endorsement barred coverage for the damages sought in the Underlying Action.

17. The "Exclusion – Engineers, Architects or Surveyors Professional Liability" endorsement of the Charter Oak Policy, provides as follows:

> This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2. **Exclusions of Section I—Coverage A Bodily Injury and Property Damage Liability and 2., Exclusions of Section 1—Coverage B—Personal and Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.

Professional Services include:

1. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

2. Supervisory, inspection, architectural or engineering activities.

18. Contemporaneously with its issuance of its reservation of rights, Charter Oak sought the participation of the Defendants in the defense of HMM in the Underlying Action pursuant to their obligations under the QBE Policy.

19. Defendants – including HMM pursuant to its SIR obligations - were obligated under the terms of the QBE Policy to defend and indemnify HMM in the Underlying Action; however, they refused to do so.

20. Charter Oak repeatedly sought the Defendants' participation in the defense and settlement of the Underlying Action but the Defendants wrongfully refused to participate in HMM's defense or settlement of the Underlying Action.

## SETTLEMENT OF THE UNDERLYING ACTION

21. On or about July 18, 2018, the parties in the Underlying Action engaged in mediation.

22. Ace and QBE refused to attend the mediation and did not participate in or contribute to any settlement negotiations. HMM did not commit any funds to the settlement, pursuant to the SIR or otherwise.

23. Because Defendants refused to honor or comply with their contractual obligations and duties to their insured, HMM (including HHM's duties and obligations pursuant to the SIR), and in light of the potential risks and substantial exposure to HMM in the Underlying Action, Charter Oak contributed $500,000 toward the settlement of the Underlying Action on behalf of HMM for a full and final release of the claims against HMM. Charter Oak now seeks recovery of that sum, as well as all sums it paid to defend HMM from Defendants.

## SUMMARY OF THE DISPUTE

24. An actual controversy exists between Charter Oak, on the one hand, and Defendants, on the other, as Charter Oak contends, and Defendants dispute, that the Charter Oak Policy provides no coverage for the damages sought in the Underlying Action and that Charter Oak had no obligation to defend or indemnify HMM with respect thereto. Charter Oak also contends the Defendants were obligated to defend and to indemnify HMM in the Underlying Action up to the respective limits of the QBE Policy or that HMM was required to self-fund these obligations. Defendants dispute these contentions. The parties also dispute Defendants' obligation to reimburse Charter Oak for the defense costs and settlement paid by Charter Oak on behalf of HMM.

25. A judicial declaration is necessary and appropriate at this time to resolve these issues.

## CHARTER OAK'S FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF AGAINST THE DEFENDANTS

26. Charter Oak realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

27. The "Exclusion – Engineers, Architects or Surveyors Professional Liability" endorsement of the Charter Oak Policy bars coverage for the damages sought from HMM in the Underlying Action.

28. Charter Oak had no obligation to defend or indemnify HMM with respect to the Underlying Action and is entitled to a declaration to that effect.

## CHARTER OAK'S SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF AGAINST THE DEFENDANTS

29. Charter Oak realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

30. HMM is an insured under the QBE Policy.

31. All conditions precedent to the coverage obligations of Defendants under the QBE Policy have been satisfied, waived, and/or excused.

32. The Defendants (including HMM pursuant to the SIR) were obligated to defend and indemnify HMM with respect to the damages sought in the Underlying Action, up to the respective limits of the QBE Policy.

33. Defendants refused to defend or indemnify HMM with respect to the Underlying Action.

34. Defendants' refusal to honor their contractual obligations exposed HMM to a judgment in the Underlying Action.

35. Charter Oak was forced to defend and indemnify HMM because of Defendants' refusal to honor their contractual obligations.

36. The costs Charter Oak incurred to defend HMM in the Underlying Action and to settle the Underlying Action should have been paid by Defendants.

37. Charter Oak is entitled to a declaration that Defendants were obligated to defend and indemnify HMM in the Underlying Action and wrongfully refused to discharge those obligations.

38. Charter Oak is also entitled to a declaration that Defendants are obligated to reimburse Charter Oak for the defense costs paid by Charter Oak as well as the settlement payment advanced by Charter Oak, with interest.

## CHARTER OAK'S THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF AGAINST THE DEFENDANTS

39. Charter Oak realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

40. HMM is an insured under the QBE Policy.

41. All conditions precedent to the coverage obligations of Defendants under the QBE Policy have been satisfied, waived, and/or excused.

42. Defendants (including HMM, pursuant to the SIR) were obligated to defend and indemnify HMM with respect to the damages sought in the Underlying Action, up to the respective limits of the QBE Policy.

43. Defendants refused to defend or indemnify HMM with respect to the Underlying Action.

44. Defendants' refusal to honor their contractual obligations exposed HMM to a judgment in the Underlying Action.

45. Charter Oak was forced to defend and indemnify HMM because of Defendants' refusal to honor their contractual obligations.

46. If the Charter Oak Policy provides any insurance coverage to HMM with respect to the Underlying Action, that insurance coverage is excess to the coverage provided to HMM by the QBE Policy.

47. All defense costs and the entire settlement payment are within the applicable limits of the QBE Policy.

48. Charter Oak is entitled to a declaration that Defendants were obligated to defend and indemnify HMM in the Underlying Action and wrongfully refused to discharge those obligations.

49. Charter Oak is also entitled to a declaration that Defendants are obligated to reimburse Charter Oak for the defense costs paid by Charter Oak as well as the settlement payment advanced by Charter Oak, with interest.

**CHARTER OAK'S FOURTH CAUSE OF ACTION FOR
DECLARATORY RELIEF AGAINST THE DEFENDANTS**

50. Charter Oak realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

51. HMM is an insured under the QBE Policy.

52. All conditions precedent to the coverage obligations of Defendants under the QBE Policy have been satisfied, waived, and/or excused.

53. Defendants were obligated to defend and indemnify HMM in the Underlying Action.

54. Defendants refused to defend and indemnify HMM with respect to the Underlying Action.

55. Charter Oak was forced to defend and indemnify HMM because of Defendants' refusal to honor their contractual obligations.

56. If the Charter Oak Policy provides any insurance coverage to HMM with respect to the Underlying Action and is not determined to be excess to the QBE Policy, Charter Oak's obligations under the Charter Oak Policy with respect to the Underlying Action are properly shared with Defendants' coverage obligations under the QBE Policy.

57. Charter Oak is entitled to a declaration that Defendants were obligated to bear an equitable share of HMM's defense costs, and the settlement payment made by Charter Oak to resolve the Underlying Action, in an amount to be determined by the Court.

58. Charter Oak is also entitled to a declaration that Defendants are obligated to reimburse Charter Oak for an equitable share of the defense costs paid by Charter Oak as well as an equitable share of the settlement payment advanced by Charter Oak, in an amount to be determined by the Court, with interest.

## **CHARTER OAK'S FIFTH CAUSE OF ACTION FOR RESERVATION OF RIGHTS AGAINST HMM**

59. Charter Oak realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

60. Charter Oak had no obligation to defend or indemnify HMM for the damages sought in the Underlying Action.

61. To the extent the QBE provides no coverage for the damages sought in the Underlying Action, HMM was self-insured with respect thereto.

62. Charter Oak is entitled to a declaration that HMM is obligated to reimburse Charter Oak for the defense costs paid by Charter Oak as well as the settlement payment advanced by Charter Oak, with interest.

## **PRAYER**

WHEREFORE, Charter Oak respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that Charter Oak had no duty to defend or indemnify HMM in the Underlying Action;

2. Declaring that Defendants had a duty to indemnify HMM in the Underlying Action up to and including the respective policy limits of the QBE Policy;

3. Declaring Defendants are obligated to reimburse Charter Oak for all defense costs paid to defend HMM in the Underlying Action and the settlement paid by Charter Oak on behalf of HMM in the Underlying Action, with interest;

4. Declaring, in the alternative, that Defendants are obligated to reimburse Charter Oak for their equitable share of all defense costs paid to defend HMM in the Underlying Action and the settlement paid by Charter Oak on behalf of HMM in the Underlying Action.in an amount to be determined by the Court, with interest ;

5. Declaring, in the alternative, that HMM is obligated to reimburse Charter Oak for all defense costs paid to defend HMM in the Underlying Action and the settlement paid by Charter Oak on behalf of HMM in the Underlying Action, with interest; ;

6. Granting an award in favor of Charter Oak for the costs of suit incurred herein; and

7. Granting such other and further relief as the Court may deem just and proper.

Dated: <u>May 14, 2020</u>

                                      **RESPECTFULLY SUBMITTED:**

                                      **KEANE & ASSOCIATES**

By:        /s/Brent S. Usery
                Brent S. Usery
                Attorneys for Defendant
                The Charter Oak Fire Insurance Company
                Tel: (917) 778-6680
                Fax: 844.571-3789
                Email: busery@travelers.com

<u>Please address all correspondence sent by mail to:</u>
P.O. Box 2996
Hartford, CT 06104-2903

<u>Physical Address:</u>
485 Lexington Avenue, 6th Floor
New York NY 10017